## BORAH v. MARTIN.

1. PRACTICE—EXCEPTIONS.—There is no presumption from the fact that exceptions were taken, that they were taken at the time when the alleged faults occurred; unless the bill alleges, or it appears that they were so taken, they will not be regarded.
2. NEW TRIAL.—An exception to the ruling of the court in refusing to set aside the verdict of the jury as being contrary to evidence, will not be sustained upon slight or uncertain grounds.

(2 *Chand.* 56.)

ERROR to the Circuit Court for *Grant* County.

This was an action of assumpsit brought by the defendant in error, against the plaintiff in error as administrator of *Joseph Martin*, deceased, for the recovery of a debt due from *Martin* in his life-time, for work, labor and services done and performed by the defendant in error for him.

The plaintiff in error pleaded non-assumpsit and gave notice of set-off. On the trial of the cause the jury found a verdict in favor of the plaintiff below, and assessed his damages at two hundred dollars.

The defendant below moved for a new trial, on the ground that the charge of the court to the jury was erroneous, and calculated to mislead them in this; " that if the jury found,

from the evidence, that the services charged for and performed were rendered gratuitously by the plaintiff, and were nothing more than the ordinary services rendered by a parent while living with a child, and no more than ordinarily flow from the relations of parent and child, and were not intended or designed to be charged for on the one hand, or paid for on the other, and were so rendered and so received, such being the mutual understanding of the parties, then and in that case the plaintiff could not recover.

" 2. That inasmuch as it was in evidence that the plaintiff, a widow, performed the services while living with her son, defendant's intestate, the court should have instructed the jury they could not find for plaintiff, unless the jury found it was the understanding of plaintiff and intestate that the former should be paid."

The motion was overruled and judgment entered on the verdict.

Counsel for the defendant below took an exception as follows : " To which ruling of his honor, defendant by his counsel excepts, and prays that this his bill of exceptions may be signed and sealed and made a part of the record in this cause."

The judge, in settling this exception, appended thereto the following note, to wit : " The instruction quoted in the motion for a new trial was given, together with other instructions, and no exception was taken to any instruction given by the court at the time it was given."    Upon this state of the case, it came before this court.

*J. T. Mills*, for plaintiff in error.

*Ben. C. Eastman*, for defendant in error

LARRABEE, J.    We cannot ascertain, from the record, whether an exception was taken to the charge given to the jury, before or after verdict.

The memorandum of the judge shows that no exception was taken at the time the charge was given, and the plaintiff in

error contends that the presumption lies in his favor that the exception was made before verdict, because the contrary does not appear. This is not so. We cannot thus presume in favor of the plaintiff in error; he should have taken his exceptions at the proper time, and had them appear *seriatim* in his bill of exceptions. The only source from which we can infer an objection to the charge, much less a legal exception, is the motion for a new trial, which was, of course, after verdict. Hence we are not at liberty to pass upon this assignment of error.

We see no ground for reversal in the second error assigned. There was a simple question as to the character of the service rendered, and this was to be determined from weighing all the evidence in the cause. This was exclusively the province of the jury, and this court will not, upon slight grounds, interfere with that decision.

Judgment affirmed.